**R. Gordon GOOCH, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION and United States of America, Respondents**

**Colonial Pipeline Company, Intervenor.**

No. 13–1148.

United States Court of Appeals, District of Columbia Circuit.

April 29, 2014.

Gordon Gooch, Travis & Gooch, Arlington, VA, pro se.

Carol Jayne Banta, Lisa Barbas Luftig, Robert Harris Solomon, Esquire, David Leo Morenoff, Office of the Solicitor, John J. Powers, III, Robert J. Wiggers, William J. Baer, U.S. Department of Justice, Steven H. Brose, James Poynor, Steven G. Thomson Reed, Steptoe & Johnson LLP, Washington, DC, for Respondents.

Before: GARLAND, Chief Judge, WILKINS, Circuit Judge, and SENTELLE, Senior Circuit Judge.

## *JUDGMENT*

This case was considered on the briefs of the parties and the record from the proceedings before the Federal Energy Regulatory Commission (FERC). *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the petition is dismissed. Petitioner R. Gordon Gooch (Gooch) lacks standing under Article III of the Constitution. Gooch's claimed injury is that he overpaid for gasoline as a retail consumer because of Colonial Pipeline Company's (Colonial) allegedly excessive oil pipeline rates. Gooch calculates his injury by dividing the alleged amount of Colonial's unlawful overcharge by the number of consumers that Colonial purportedly serves. However, Gooch has not demonstrated that the service stations from which he purchased gasoline sold gasoline that was transported on Colonial's pipelines, or that those stations passed on Colonial's allegedly unlawful transportation costs to him. Gooch claims that as a retail consumer, it is impossible for him to supply such evidence because he cannot access the books and records of the oil companies, wholesalers and other intermediaries. Petitioner Br. at 33–34. Instead, he argues that the possibility that Colonial's consumers may pay some of the unlawful rates is sufficient to establish standing. Petitioner Reply Br. at 11. However, it is well settled that mere allegations of a "generally available grievance" that are not "concrete and particularized" cannot establish standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 573, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). As we previously held, "an inescapable result of any standing doctrine application is that at least some disputes will not receive judicial review. That analysis of a party's standing should sometimes dictate this result is not a reason to reject either the result or the analysis." *Florida Audubon Soc. v. Bentsen,* 94 F.3d 658, 665–66 (D.C.Cir.1996) (citations omitted); *see also Clapper v. Amnesty Int'l USA,* — U.S. —, 133 S.Ct. 1138, 1154, 185 L.Ed.2d 264 (2013).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.